**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02650-REB-KMT

CHE CHAVEZ,

     Plaintiff,

v.

NATIONAL CHECK PROCESSING, LLC

     Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**Blackburn, J.**

This matter is before the court on the **Plaintiffs' Motion for Default Judgment** [#15][1] filed March 7, 2011.  I find and conclude the motion for default judgment should be granted on the terms stated in this order.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II.  STANDARD OF REVIEW

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk of the court must enter the party's default.  FED. R. CIV. P. 55(a).  After default has entered, the party seeking relief against the defaulting party may apply to the court for a default judgment and, if the party seeking relief provides a proper basis for the entry of default judgment, the court may enter default

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

judgment against the defaulting party.  FED. R. CIV. P. 55(b).

### III.  ANALYSIS

The complaint [#1] in this matter was filed on October 29, 2010.  A return of service [#9] reflecting valid service on the defendant was filed on December 17, 2010.  The defendant did not file an answer or response.  The clerk of the court entered default [#12] against the defendants on January 14, 2011.  On entry of default against the defendant, the well-pleaded allegations in the complaint are deemed admitted.  **See Olcott v. Delaware Flood Co.**  327 F.3d 1115, 1125 (10th Cir. 2003); **Lundahl v. Zimmer**, 296 F.3d 936, 939 (10th Cir. 2002).

In his complaint [#1], the plaintiff, Che Chavez, alleges that the defendant initiated approximately three communications with the plaintiff on or about May 19, 2010.  The defendant represented falsely that the plaintiff had committed check fraud, and that the plaintiff had committed a felony.  The defendant threatened to have a warrant issued for the plaintiff's arrest if the debt in question was not paid that day.  In a telephone message left with the plaintiff on or about May 20, 2010, the defendant said it would file a lawsuit against the plaintiff in Adams County and that the plaintiff would have to be bailed out of jail if a lawsuit was filed.

The plaintiff alleges in his complaint that the defendant's actions violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p (FDCPA).  Specifically, he alleges that the defendant violated 15 U.S.C. §§ 1692e, and 1692f.  In his complaint, the plaintiff asserts four claims under the FDCPA.  In his motion for default judgment, Mr. Chavez seeks the entry of default judgment against the defendant in the amount of 1,000 dollars, plus reasonable attorney fees and costs.

### A.  Statutory Damages

If an individual plaintiff shows that a defendant debt collector violated the requirements of the FDCPA, the plaintiff may be awarded statutory damages not exceeding 1,000 dollars.  15 U.S.C. § 1692k(a)(2)(A).  In his complaint, the plaintiff makes specific factual allegations describing actions taken by the defendant.  Those actions constitute violations of the FDCPA.  Given the defendant's default, the plaintiff's allegations are deemed admitted.  The plaintiff has established that the defendant violated the FDCPA in four different ways.  As a result, I conclude that the plaintiff is entitled to an award of 1,000 dollars in statutory damages.

### B.  Attorney Fees & Costs

The FDCPA provides for an award of reasonable attorney fees and costs, as determined by the court, when a plaintiff prosecutes successfully an action to enforce the FDCPA.  15 U.S.C. § 1692k(a)(3).  In his motion for default judgment, Mr. Chavez seeks an award of attorney fees and costs

Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount.  **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983).  The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  **Hensley**, 461 U.S. at 433.  The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable.  **Homeward Bound, Inc. v. Hissom Memorial Ctr.**, 963 F.2d 1352, 1355 (10th Cir. 1992).  A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience.  **Blum v. Stenson**, 465 U.S. 886, 895 (1984).

Attached to the plaintiff's brief [#15-1] in support of his motion for default judgment is a statement of attorney fees incurred by the plaintiff in this case.  *Brief in Support of Plaintiff's Motion for Default Judgment* [#15-1], Exhibit C.  The statement

3

shows 5.9 hours of attorney time billed at 250 dollars per hour.  The statement shows also 3.5 hours of paralegal time billed at 125 dollars per hour.  The total amount billed for these hours is 1,932.50 dollars. The plaintiff includes also receipts showing that he paid 350 dollars for the filing fee in this case, and 140 dollars for service of the summons and complaint on the defendant. *Id.*, Exhibits A and B.  The hourly rates for the attorney time and paralegal time reflected on the statement are reasonable.  The number of hours expended on this case is reasonable.  The costs incurred by the plaintiff in this case are reasonable.  Therefore, I conclude that the plaintiff is entitled to an award of 1,932.50 dollars for attorney fees and 490 dollars for costs.

## IV.  CONCLUSION & ORDERS

The plaintiff is entitled to entry of a default judgment against the defendant. Under 15 U.S.C. § 1692k(a)(2)(A), the plaintiff is entitled to an award of 1,000 dollars in statutory damages.  Under 15 U.S.C. § 1692k(a)(3), the plaintiff is entitled to an award of 1,932.50 dollars for attorney fees, and 490 dollars for costs.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiffs' Motion for Default Judgment** [#15] filed March 7, 2011, is **GRANTED**;

2.  That under FED. R. CIV. P. 55(b), default **JUDGMENT SHALL ENTER** in favor of the plaintiff, Che Chavez, against the defendant, National Check Processing, LLC, on the claims asserted in the plaintiff's complaint [#1], filed October 29, 2010, on the terms stated below;

3.  That under 15 U.S.C. § 1692k(a)(2)(A), the plaintiff is **AWARDED** statutory damages in the amount of 1,000 dollars;

5.  That under 15 U.S.C. § 1692k(a)(3), the plaintiff is **AWARDED** 1,932.50

4

dollars in reasonable attorney fees;

6.  That under 15 U.S.C. § 1692k(a)(3), the plaintiff is **AWARDED** 490.00 dollars in costs;

7.  That the total amount of the judgment, including statutory damages, reasonable attorney fees, and costs, **SHALL BE** 3,422.50 dollars.

Dated March 1, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

5